UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| MOHAMMED NASHAT KHALED,<br><br>　　　　　　　　　Plaintiff,<br><br>-against-<br><br>THE TOWN OF LLYOD, AND POLICE OFFICER ERIC FUNCCIUS<br><br>Individually,<br><br>And as an employee of the Town of Llyod Police Department,<br><br><br>　　　　　　　　　Defendants. | ) **COMPLAINT**<br>) **JURY TRIAL**<br>) **DEMANDED**<br>) **CIVIL ACTION No. :**<br>)<br>) 1:25-cv-1172 (MAD/DJS)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff, by and through his attorney, Ryanne Konan, complaining of the defendants, respectfully as follows:

### NATURE OF CLAIMS

1. Plaintiff in the above captioned matter was a victim of excessive use of force, battery and assault, when Town of Llyod Police Officer Eric Funccius, in the scope of his employment, used excessive force, battered and assaulted Plaintiff, on December 12, 2024, thereby causing serious injuries to Plaintiff.

### JURISDICTION AND VENUE

2. This action arises under the Fourth Amendment to the United States Constitution actionable under 42 U.S.C. § 1983, and New York common law.

3. This Court has jurisdiction over this matter pursuant to 28 USC §§ 1331, 1343(a)(3) and (4), and 1367.

1

4. Venue is proper in this district pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred in this district.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. R. 38 (b).

## PARTIES

6. Mohammed Nashat Khaled is a citizen of United States, currently residing in New Jersey.

7. Defendant, Town of Llyod is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, Town of Llyod, acting through the Town of Llyod Police Department, was responsible for the policy, practice, supervision, implementation, and conduct of all Town of Llyod Police Department Matters and its officers, and was responsible for the appointment, training, supervision, and conduct of all Town of Llyod Police Department Personnel. In addition, at all relevant times, the Town of Llyod was responsible for enforcing the rules of the Town of Llyod Police Department and for ensuring that the Town of Llyod Police Department Personnel obeys the laws of the United States and those of the State of New York.

8. Defendant Eric Funccius was a police officer at the time of the incident and upon information and belief, a citizen of New York. Police Officer Eric Funccius, had an office at 25 Milton Avenue, Highland, NY 12528.

## FACTUAL ALLEGATIONS

9. On December 11, 2024, Plaintiff was parked on Route 9W, in the Town of Llyod, to rest because he was exhausted. A 911 call alerted State Trooper police officers who reported to the scene. Officers from the Town of Llyod Police Department reported to the scene as well.

10. After exchanging words with the Plaintiff, they decided to arrest him, and they put him in handcuffed. Plaintiff complied with their order, and was handcuffed without any incident.

11. The Troopers decided to transport Plaintiff into their police vehicle. Plaintiff complied with their orders. Prior to getting into the police car, and still in handcuff, Trooper Hackett asked Plaintiff to spread his feet. Plaintiff did not clearly understand the order, and was asking questions. At that time, Police Officer Funccius, lift Plaintiff up, and slammed him on the ground with great force.

12. Plaintiff was in handcuff when he was slammed on the ground. Plaintiff lost consciousness. Plaintiff was taken to Vassar Brothers Hospital, where he regained consciousness few days later.

13. Plaintiff suffered serious personal injuries, fracture of his elbow, and fingers, hurt knees injuries, head injuries, loss of memeories, shoulder injuries, humiliation, anxiety, mental anguish, was disorientated, unbalanced as a result of Battery, Assault, Excessive Force. Plaintiff lost his employment, and is unable to work, and not use his arms permanently.

14. Plaintiff, filed a sworn notice of claim on March 6, 2025, within 90 days after the claims alleged herein arose. The notice was served on Defendants.

15. On May 9, 2025, a 50-H hearing was held in this matter.

16. At least 30 days has elapsed since Plaintiff served his notice of claim, and the 50-H hearing, and adjustment or payment of the claim has been neglected or refused.

**FOR THE FIRST CAUSE OF ACTION**
Excessive Use of Force
42 U.S.C. § 1983

3

17. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 9-16 of this Complaint with the same force and effect as if fully set forth herein.

18. That Police Officer Funccius lift Plaintiff up in the air, and threw him on the ground with great force while Plaintiff was in handcuffed, and was not a threat to the officers.

19. That Plaintiff was standing, handcuffed, was not armed, and did not pose a threat to the Officer Defendant nor did Plaintiff pose a threat to the public or to himself.

20. That Plaintiff was not actively resisting arrest or resisting to the officers.

21. That the Officer Defendant used an amount of force on Plaintiff that was over the amount of force necessary to subdue Plaintiff.

22. That Plaintiff had not resisted to the Officers and had complied with the Officers' orders.

23. That Officer Defendants used force on Plaintiff was not reasonable.

24. That the officers did not have to use force on Plaintiff because Plaintiff had been handcuffed, and was surrounded by several officers.

25. That Police Officer Funccius assaulted and battered Plaintiff and used unnecessary and excessive force against Plaintiff.

26. That as a result of the breach of Plaintiff's constitutional rights, Plaintiff has suffered severe physical and reputational injury, attorney's fees, severe emotional harm.

4

27. By Using unnecessary and excessive force on Plaintiff, the Officer Defendant deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every Citizen of the United States under the United State Constitution.

**WHEREFORE**, the Plaintiff seeks judgment against Police Officer Funccius in the amount of Twenty Million ($20,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## PENDENT STATE LAW CLIAMS

28. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 17-27 of this Complaint with the same force and effect as if fully set forth herein.

29. Plaintiff, filed a sworn notice of claim on March 6, 2025, within 90 days after the claims alleged herein arose. The notice was served on the Town of Llyod, and Police Officer Funccius.

30. Defendant Town of Llyod demanded a hearing pursuant to General Municipal Law § 50-h and said hearing was held on May 9,2025.

31. At least 30 days has elapsed since Plaintiff served his notice of claim, and adjustment or payment of the claim has been neglected or refused.

## FOR THE SECOND CAUSE OF ACTION
Assault & Battery against the Town of Llyod and Police Officer Funccius Defendants
New York State Common Law-Assault and Battery

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 28-31 with the same force and effect as if fully set forth herein.

5

33. That Police Officer Funccius had physical contact with Plaintiff, lift him, and threw him on the floor with force and violence thereby causing Plaintiff serious physical injuries.

34. That Plaintiff was handcuffed, and was not a threat to the officers.

35. That individual Officer Defendant wrongfully and illegally placed the Plaintiff in apprehension of imminent harmful and offensive bodily contact.

36. That the aforesaid acts were unprivileged.

37. The unlawful acts of Police Officer Funccius were taken within the scope of his employment.

38. The unlawful acts of the Town of Llyod Defendants were the direct, proximate cause of Plaintiff's injuries.

39. As a result of the Town of Lyod Defendants' conduct, Plaintiff has suffered severe physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

WHEREFORE, the Plaintiff seeks judgment against the officer Defendants in the amount of Five Million ($5,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

### FOR THE THIRD CAUSE OF ACTION
New York Common Law- Respondent Superior

(Against the Town of Llyod )

40. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs 32-39 of this Complaint with the same force and effect as if fully set forth herein.

41. That Police Officer Funccius was and is still employees of the Town of Llyod.

42. That Police Officer Funccius was acting within the scope of his employment as police officer of the Town of Llyod Police Department.

43. That Police Officer Funccius was an employee of the Town of Llyod at the time of the incident with Plaintiff.

44. That Police Officer Funccius committed assault, battery on Plaintiff while on duty, and while working for the Town of Llyod.

45. That the acts committed by Police Officer Funccius were committed in furtherance of the Town of Llyod's business, and within the scope of employment.

46. That Defendant, Town of Llyod was responsible as employer of the individual Police Officer Funccius under the doctrine of *respondent superior*.

47. Defendant, Police Officer Funccius acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard for Plaintiff's rights, privileges, welfare, and well-being, and are guilty of egregious and gross misconduct towards Plaintiff.

48. That Police Officer Funccius acted under pretense and color of state law and in his individual and official capacity and within the scope of his respective employment as Town of Llyod Police Officer. Said acts were beyond the scope of his employment, without authority of law, and in abuse of his powers, and said Defendant acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his rights under New York Common Law.

49. That as a result of the breach of Plaintiff's rights, Plaintiff has suffered physical and reputational injury, attorney's fees, severe emotional harm together with shock, fright, apprehension, embarrassment, and humiliation.

**WHEREFORE**, the Plaintiff seeks judgment against the officer Defendants in the amount of Two Million ($2,000,000) Dollars compensatory and punitive damages, plus attorney fees and costs.

## JURY TRIAL DEMAND

A jury trial is hereby demanded on all issues.

Dated:  At Wappingers Falls, New York
        August 23, 2025

By: ___/s/ryannekonan___

Ryanne Konan, Esq.
4 Marshall Road, Suite 107
Wappingers Falls, NY 12590
Tel: (888)536-1434
Cell: (845) 309-3432
Fax: (845) 231-0508
konanlawoffice@gmail.com